UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-647-MOC-DCK

| YING LIN, | ) |
| YIN LIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| | ) |
| | ) |
| CHRISTOPHER HEFFRON, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court on a Motion to Dismiss, (Doc. No. 28), by Defendants Merrick Garland, Christopher M. Heffron, Ur M. Jaddou, and Alejandro Mayorkas.

**I.     BACKGROUND**

Plaintiffs Yi Lin and Ying Lin are spouses who have been married to each other three separate times. (Compl., Doc. No. 1 at ¶ 19). Most recently, the two were married on April 26, 2016. (Id.). On October 31, 2016, Yi Lin was granted asylum. (Id. at ¶ 23). On November 28, 2016, Yi Lin filed a Form I-730, Refugee/Asylee Relative Petition, with USCIS, seeking to have USCIS grant Ying Lin derivative asylee status. (Id. at ¶ 16). During the adjudication process, USCIS interviewed the couple and issued a request for evidence, to which Plaintiffs responded. (Id. at ¶¶ 17–18).

On August 12, 2019, USCIS issued a notice of intent to deny the I-730 petition as a matter of discretion, listing positive and negative factors taken into consideration, and provided Plaintiff Yi Lin an opportunity to respond, which he did. (Id. at ¶¶ 20–24). The negative

1

discretionary factors described in the notice included that Ying Lin previously entered the United States with a fraudulent passport; an Immigration Judge had found her testimony during a hearing in removal proceedings to be not credible and had ordered her removed; and USCIS had reason to believe that Ying Lin had entered into a previous marriage for the purpose of obtaining an immigration benefit. (Id.). Positive factors included that Ying Lin was the spouse of an asylee, had two U.S. Citizen children, and had one derivative asylee child. (Id. at ¶ 20).

After receiving a response to the notice of intent to deny, USCIS denied the I-730 petition on October 24, 2019, as a matter of discretion. (Id. at ¶ 30). After Plaintiff Yi Lin filed a motion to reopen and reconsider the decision (Form I-290B), USCIS denied that motion on August 24, 2020, again finding that as a matter of discretion the petition should be denied. (Id. at ¶¶ 16, 32). After Plaintiff Yi Lin filed a second motion to reopen and reconsider, USCIS denied that motion on January 25, 2021, for the same reasons cited in all prior notices and decisions, that as a matter of discretion, the petition should be denied. (Id. at ¶¶ 16, 32–33).

Plaintiffs filed the instant action under the Administrative Procedures Act, 5 U.S.C. § 701, et seq., seeking a judgment that the denials of Ms. Lin's I-730 application and her appeal and motion to reopen or reconsider were (i) "in excess of statutory jurisdiction, authority, or limitation, or short of statutory right;" (ii) "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law;" (iii) taken "without observance of procedure required by law;" and (iv) otherwise in violation in law. (Id. at ¶¶ 60–62). The action was originally filed in the District Court for the Eastern District of New York on October 1, 2021, and was transferred to this Court on December 6, 2021. The Complaint asserts subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1361 because the case arises under the APA. (Id. at ¶ 6).

On February 10, 2022, Defendants filed a Motion to Dismiss Plaintiffs' Complaint

2

Case 3:21-cv-00647-MOC-DCK    Document 31    Filed 03/17/22    Page 2 of 8

pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that this Court lacks subject matter jurisdiction over the claims alleged. Plaintiffs filed a Response on February 18, 2022, and Defendants filed a Reply on February 25, 2022. For the following reasons, the Court grants the motion to dismiss.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only that power authorized by Constitution and statute." Randall v. United States, 95 F.3d 339, 344 (4th Cir. 1996). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Vuyyuru, 555 F.3d at 347. The existence of federal subject matter jurisdiction is a threshold issue, Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999), and a challenge to the court's subject matter jurisdiction is properly considered on a motion under Fed. R. Civ. P. 12(b)(1), Clinton v. Brown, No. 3:15cv48, 2015 WL 4941799, at *2 (W.D.N.C. Aug. 19, 2015).

The burden of establishing federal subject matter jurisdiction rests on the plaintiff. Clinton, 2015 WL 4941799, at *2. The moving party should prevail on a motion to dismiss pursuant to a lack of federal jurisdiction if material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

## III. DISCUSSION

The Immigration and Nationality Act ("INA") provides for spouses and children of people granted asylum in the United States to follow-to-join the principal asylee. INA § 208(b)(3)(A), 8 U.S.C. § 1158(b)(3)(A). A person granted asylum under INA § 208(a) may

3

petition for an accompanying or following-to-join spouse and/or unmarried child under 21 years old to be granted derivative asylee status. Form I-730 is used for that purpose. The approval of a Form I-730 gives the derivative asylee the same status as the principal. INA § 208(b)(3)(A), 8 U.S.C. § 1158(b)(3)(A) ("A spouse or child . . . of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien.").

Defendants contend that Plaintiffs' Complaint should be dismissed because this Court lacks jurisdiction to review USCIS's discretionary decision to deny derivative asylum status to Plaintiff Ying Lin. For the following reasons, the Court agrees that this Court lacks jurisdiction over Plaintiffs' claims.

Plaintiffs assert subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1361 because the case arises under the APA. (Id. at ¶ 6). The INA, however, precludes judicial review of the agency's discretionary determination regarding whether to grant derivative asylum status to a spouse. See INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii). For the following reasons, this Court lacks subject matter jurisdiction.

**A. Section 1331 Does Not Provide A Basis for Subject Matter Jurisdiction**

Congress specifically precluded judicial review of USCIS's discretionary decisions under the INA. The INA identifies "[m]atters not subject to judicial review," including judgments under certain provisions of the INA and:

> any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii). See Lee v. U.S. Citizenship & Immigration

Servs., 592 F.3d 612, 619 (4th Cir. 2010) ("The INA specifically closes the door to judicial review of certain discretionary agency decisions."); Higuit v. Gonzales, 433 F.3d 417, 420 (4th Cir. 2006) (finding that the court lacked jurisdiction to review the Immigration Judge's denial of an application for adjustment of status).

The decision whether to grant derivative asylum is just such a discretionary decision. The INA explicitly commits the decision to the discretion of the agency, providing that the spouse of an asylee "may" be granted derivative asylum status. INA § 208(b)(3)(A), 8 U.S.C. § 1158(b)(3)(A). The plain language of the statute, therefore, grants the agency discretion over the approval of derivative asylum benefits. It is well established that the decision to grant or deny derivative status to the spouse or children of a successful asylum applicant is committed to the discretion of immigration authorities. See, e.g., Miljkovic v. Ashcroft, 366 F.3d 580, 582 (7th Cir. 2004) ("[T]he grant of derivative status to the spouse of a successful applicant for asylum is not automatic but requires an exercise of discretion . . . ."); Ngassam v. Chertoff, 590 F. Supp. 2d 461, 464 (S.D.N.Y. 2008) ("USCIS's decision to deny derivative asylum status to Ms. Ngassam's children is exempt from review under the APA because it is discretionary."); Farag v. U.S. Citizenship & Immigration Servs., 531 F. Supp. 2d 602, 608 (S.D.N.Y. 2008) ("Granting derivative asylum rests entirely within the discretion of the USCIS."); Huli v. Way, 393 F. Supp. 2d 266, 271 (S.D.N.Y.2005) ("[T]he denial of Huli's I-730 Petition . . . falls squarely within the scope of discretion Congress accorded because the statute grants 'sole discretion' to [USCIS] to determine 'what evidence is credible and the weight to be given to that evidence' in determinations regarding asylum and derivative asylum.").

Plaintiffs' Complaint makes clear that they challenge USCIS's exercise of discretion. They claim that "[t]he decisions failed to apply the appropriate standards that require that family

unity, humanitarian considerations, and the public interest be taken into account in the exercise of discretion." (Doc. No. 1 at ¶ 60). To support this argument, Plaintiffs take issue with the weight given to certain factors cited by USCIS in its decision and the failure of USCIS to consider certain positive factors. (Id. at ¶¶ 60–62). Plaintiffs also allege that USCIS demonstrated malice or ill will toward Ying Lin by improperly giving weight to certain factors. (Id.). All of Plaintiffs' arguments essentially boil down to a claim that USCIS abused its discretion by improperly weighing the evidence. Congress has committed the determination on the I-730 petition to the discretion of USCIS, however, and thus barred the outcome of this determination from the judicial scrutiny Plaintiffs seek here.

Because the decision whether to grant or deny derivative asylum is committed to the discretion of the agency, and the INS precludes judicial review of such discretionary decisions, this Court lacks subject matter jurisdiction. Ngassam, 590 F. Supp. 2d at 464 (upholding dismissal of complaint seeking review of denial of derivative asylum for lack of subject matter jurisdiction).

Plaintiffs rely on the APA as their basis for federal question jurisdiction under 28 U.S.C. § 1331. The APA does not provide an independent basis for jurisdiction, however, and it does not apply where (1) "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), and (2) "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2). As set out above, because the decision whether to grant or deny Plaintiff's petition is committed to agency discretion by law, and the INA precludes judicial review, there is no jurisdiction under the APA.

Nor is there any other basis for federal question jurisdiction. The Supreme Court has recognized that in the "vast majority" of cases, federal question jurisdiction exists under section 1331 only if federal law creates the plaintiff's cause of action. Merrell Dow Pharms. Inc. v.

6

Thompson, 478 U.S. 804, 808 (1986). Plaintiffs have no independent right to challenge the denial of an asylee relative petition on the basis of a discretionary determination, and thus no basis to claim federal jurisdiction over these claims. Farag, 531 F. Supp. 2d at 608 ("[The INS] does not itself create a cause of action or federally-protected right or interest in derivative asylum status.").

The INS and APA explicitly preclude review of Plaintiffs' claims, and there is no other basis for federal question jurisdiction.[1]

### B. Section 1361 Does Not Provide A Basis for Subject Matter Jurisdiction

Plaintiffs also assert subject matter jurisdiction under 28 U.S.C. § 1361, which provides district courts with jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The mandamus provision offers a remedy only when the agency or official owes the petitioner a

---

[1] Plaintiffs appear to argue in their response in opposition that their claims fall within Section 1252(a)(2)(D), which provides that nothing in 8 U.S.C. § 1252(a)(2)(B) or (C) "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Although they do not explicitly cite Section 1252(a)(2)(D), they claim that their Complaint raises "questions of law and implicitly constitutional claims of fundamental fairness and due process," (Doc. No. 29 at p. 2), and cite cases that construe Section 1252(a)(2)(D). Section 1252(a)(2)(D) does not apply to this case. That provision provides for constitutional claims and questions of law to be raised in an appeal from a removal order under Section 1252(b)(2), as evidenced by the inclusion of language about "a petition for review filed with an appropriate court of appeals" (emphasis added). It does not apply to denial of an I-730 petition, which cannot be renewed before an immigration judge in removal proceedings. The I-730 petition can only be granted by USCIS, and therefore Section 1252(a)(2)(D) simply does not apply to denial of the I-730 petition. See, e.g., Abdelwahab v. Frazier, 578 F.3d 817, 821 (8th Cir. 2009) (Section 1252(a)(2)(D) "does not grant jurisdiction to review questions of law in district court cases."); Hamilton v. Gonzales, 485 F.3d 564, 568 (10th Cir. 2007) ("[O]ur authority to review constitutional claims and questions of law under § 1252(a)(2)(D) is constrained by the grant of jurisdiction provided by § 1252(a)(1), which requires a final order of removal. Because a visa revocation decision is not a final order of removal, we lack jurisdiction under the INA.").
7

Case 3:21-cv-00647-MOC-DCK   Document 31   Filed 03/17/22   Page 7 of 8

"clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Matters solely within the discretion of INS are not subject to review under Section 1361. Huli, 393 F. Supp. 2d at 270. As discussed above, the decision whether to grant derivative asylum is entirely discretionary. Section 1361 does not, therefore, provide a basis for subject matter jurisdiction over Plaintiffs' claims. Id. ("Because mandamus does not lie to direct an agency to rule in a particular way on a decision within its discretion, Section 1361 does not provide jurisdiction in this proceeding.").

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' action is dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion to Dismiss, (Doc. No. 28), is **GRANTED**, and Plaintiff's action is dismissed as to all Defendants.

(2) The Clerk is directed to terminate this action.

Signed: March 17, 2022

Max O. Cogburn Jr
United States District Judge

8

Case 3:21-cv-00647-MOC-DCK   Document 31   Filed 03/17/22   Page 8 of 8